UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-cv-20671-KMW

MICHAEL PAUL,

    Plaintiff,

vs.

SECRETARY,
FLORIDA DEPARTMENT OF CORRECTIONS, *et al*,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Lisette M. Reid's report and recommendation (DE 16) ("Report") regarding Paul's petition for writ of habeas corpus. Petitioner filed objections to the Report (DE 19). Upon an independent review of the Report, the objections, the record, and applicable case law, it is **ORDERED AND ADJUDGED** that:

1. The conclusions in the Report (DE 16) are **AFFIRMED AND ADOPTED**.[1]

---

[1] For claim 4, Petitioner argues that his trial counsel provided ineffective assistance by failing to produce any evidence to support an independent act jury instruction. Judge Reid concludes that this claim is unexhausted in part. Specifically, she explains that this claim is unexhausted insofar as Petitioner argues that trial counsel erred by failing to present the testimony of other witnesses (Morales and Sawyer) in support of the instruction. She notes that Petitioner did not argue in his brief appealing the trial court's denial of his motion for postconviction relief that "counsel should have presented the *testimony of other witnesses* in support of an independent act instruction." (DE 16 at 52.)

Upon review of the record, it appears that Petitioner may have properly exhausted this claim. The crux of claim 4 is that counsel erred by failing to present *any* evidence to support the independent act instruction. Petitioner asserts in the petition that "counsel produced no evidence and did nothing to provide support for the basis of an independent act instruction as per each charge." (DE 1 at 10. (emphasis added)) In his appeal brief, Petitioner asserted that "the trial court erred in denying the instant claim when determining the reasonableness of trial council's [sic] decision not to present any evidence in support of the defense [sic] request for an independent act instruction. . . ." (DE 13-52 at 15.)

2. This action is **DISMISSED**.

3. No certificate of appealability shall issue.

4. All pending motions are **DENIED AS MOOT**.

5. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>21st</u> day of September, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc:
Michael Paul
M40318
Hardee Correctional Institution
Inmate Mail / Parcels
6901 State Road 62
Bowling Green, FL 33834

---

It is true that Petitioner did not argue specifically that counsel did not present the testimony of other witnesses. However, this argument appears to be subsumed within his more general argument: that counsel failed to present "<u>any</u> evidence in support of the defense [sic] request for an independent act instruction." (*Id.* at 16. (emphasis added).)

Ultimately, the Court need not decide whether claim 4 has been exhausted. Irrespective of the exhaustion issue, the Court agrees with Judge Reid's conclusion that this claim lacks merit because Petitioner has failed to show how the testimony of other witnesses (or any other evidence) would have supported the independent act defense or affected the outcome of trial. Judge Reid correctly notes that Petitioner's "bare and conclusory claims" of ineffective assistance are insufficient. (DE 16 at 53.) Accordingly, the court **ADOPTS** Judge Reid's recommendation that "claim 4 should be denied." (DE 16 at 54.)